UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN JOHNSON,

        Plaintiff,                                Case No.  06-13904

v.                                          District Judge Paul D.  Borman
                                              Magistrate Judge R.  Steven Whalen

MICHAEL SKOLSKI, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

Before the Court is Plaintiff's Motion to Amend Complaint to Reflect the Proper Spelling of the Defendant's Name, Issue a Summons, and Order Defendant SMART to Produce the Address of Michael Sakosky, or in the Alternative, to Order Service of Process on Michael Sakosky by Alternate Means [Docket #5], which has been referred for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A).  For the reasons that follow, Plaintiff's Motion is GRANTED.

      **I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 7, 2006, Plaintiff filed a complaint in the Circuit Court for Wayne County, Michigan, naming as Defendants one Michael Skolski and SMART (Suburban Mobility

Authority for Regional Transportation), a public authority that operates a bus system.[1] Skolski was alleged to be a bus driver employed by SMART. The Plaintiff alleges that on or about August 7, 2003, she and her companion, Jessica Hubbard, were passengers on Mr. Skolski's bus. Plaintiff further alleges that after making several anti-gay comments to her and her companion, Skolski pushed her from the bus as she was exiting, resulting in physical and emotional injuries. The Complaint names Defendant Skolski in Count III (state law claim of intentional infliction of emotional distress) and Count IV (Fourth Amendment claim based on use of excessive force), and separately names Defendant SMART in Count V (municipal liability in Fourth Amendment claim of excessive force) and Count VI (state law claim of gross negligence in hiring and supervising Defendant Skolski).

On September 1, 2006, the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), "for the reason that the Complaint raises questions under the United States Constitution and the laws of the United States of America pursuant to 28 U.S.C. §§1331 and 1367." *Notice of Removal* [Docket #1]. On October 12, 2006, Defendant SMART filed an Answer to the Complaint, stating at ¶ 2 that "Defendant Skolski is an individual that does not exist to the best of (SMART's) knowledge, information and belief," and at ¶ 6 that "SMART is unaware of a bus driver named Michael Skolski. SMART is aware of a bus driver named Michael Sakosky, but Mr. Sakosky has never been identified or served with the Summons and Complaint in this matter."

---

[1]The parties agree that the applicable statute of limitations in this case is three years, and that the Complaint was filed on the last day before the statute of limitations expired.

On August 31, 2006 (one day before the Defendants filed a Notice of Removal), Plaintiff served an Interrogatory on Defendant SMART requesting "the full and correct spelling of the Defendant listed on the case caption as Michael Skolski who was employed by SMART on August 8, 2003 and was involved in the alleged incident described in the Complaint and in the attached news article, and the address of this individual." *Plaintiff's Motion*, Exhibit B.[2]

On November 9, 2006, Plaintiff filed the present Motion. Oral argument was held on December 21, 2006, and on January 10, 2007 and January 11, 2007, the parties filed supplemental briefs.

## II.    ANALYSIS

Plaintiff asks this Court to amend her Complaint to reflect the correct spelling of the individual Defendant's name, i.e., to change "Michael Skolski" to "Michael Sakosky," and to issue a federal summons so that Mr. Sakosky can be served. Defendants argue that because "the Plaintiff named the wrong individual in her Complaint," and because "Michael Sakosky" has not been named in a Complaint prior to the expiration of the three-year statute of limitations, amendment would be futile. Alternatively, Defendants argue that even if the

---

[2]In the newspaper article attached to the Interrogatory (Exhibit B), attorney Avery Gordon, General Counsel for Smart, is quoted as saying, "We were made aware of these allegations by Crystal Witt of the Triangle Foundation and we have begun the investigation." Mr. Gordon is further quoted as saying, "If we can find some merit to the complainant's allegations this driver will be disciplined. We have taken this very, very seriously. We do not allow our drivers to pass by anybody. And this driver will be disciplined if he is found to have done something wrong."

statute of limitations was tolled on the date the Complaint was filed in state court, it was only tolled until November 6, 2006, the date the state court summons expired.[3] Defendants argue that any request for an extension of a state summons must be made before the summons expires.

This dispute requires the resolution of two issues. First, did the Plaintiff beat the statute of limitations as to Michael Sakosky by filing a Complaint misspelling his name as "Michael Skolski?" Secondly, if she did, did the statute of limitations as to Michael Sakosky nonetheless expire when the time for service of a state summons expired under Michigan law?

### A.   Statute of Limitations

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Fed.R.Civ.P. 15(c) states as follows as to the relation back of amendments:

---

[3] Under M.C.R. 2.102(D), a state summons expires 91 days after its issuance.

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

**(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or

**(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

**(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, if the proposed amendment to the Complaint, substituting the name Michael Sakosky for Michael Skolski, does not relate back to the filing of the Complaint on August 7, 2006, then the amendment would be futile, since the statute of limitations would have run.

The essence of the Defendants' argument in this case is that in naming "Michael Skolski" in her Complaint, the Plaintiff named the wrong person, that is, she named some unknown person who is a separate and distinct entity from "Michael Sakosky," the driver of the bus. This argument borders on the absurd. It is clear beyond peradventure that the Plaintiff merely misspelled the name of the bus driver. It is also clear that both SMART and Sakosky would know exactly who the Plaintiff is talking about. Indeed, the news article attached to Plaintiff's Interrogatory (Exhibit B to the present Motion) quotes the General Counsel for SMART as promising a thorough investigation of the driver, and although not named in the article, SMART knows full well that the driver is Michael Sakosky, the person

being sued in this case. There can be no confusion on that point. This is not a situation where the Plaintiff has named a person who is not the real party in interest, or named someone in the wrong capacity, or named the wrong party. Hence, *Ciotte v. Ullrich*, 267 Mich. 136, 255 N.W. 179 (1934), cited by the Defendants, is inapposite. Contrary to the Defendants' argument, this is in fact an instance of a mere misnomer (or more correctly, a mere misspelling) of Sakosky's correct name. *See Matti Awdish, Inc. v. Williams*, 117 Mich.App. 270, 277-79, 323 N.W.2d 666 (1982). In *Ray v. Taft*, 125 Mich.App. 314, 320, 336 N.W.2d 469 (1983), the court stated that a misnomer exists where the right party is served under the wrong name. A misnomer likewise exists where the right party's name is inadvertently misspelled in an unserved complaint. Whether that party is served correctly is a separate question, discussed below.

Nor is it particularly surprising that the Plaintiff misspelled Sakosky's name. Indeed, when the Wayne County Prosecutor's Office charged Sakosky with assault and battery, it spelled his name "Sakolski." *See Plaintiff's Motion*, Exhibit D. Again, the more important point is not the spelling of the name, but the fact that the Plaintiff, the Defendants and the Wayne County Prosecutor all know who the driver of the bus was and what he is alleged to have done.

Accordingly, I find that Plaintiff did not name the wrong party in the original Complaint, and that the filing of the Complaint on August 7, 2006 tolled the statute of limitations as to Michael Sakosky. Further, pursuant to Fed.R.Civ.P. 15(c)(2) and (3), amending the Complaint to merely correct the spelling of Defendant Sakosky's name–an

amendment that prejudices no one– relates back to the filing of the original Complaint, assuming that Sakosky is properly served under the terms set forth in this Opinion and Order.

### B.    Service of Process

Defendants argue in the alternative that even if naming "Michael Skolski" in the original Complaint served to toll the statute of limitations on August 7, 2006, the statute still ran with the expiration of the state court summons 91 days later, on November 6, 2006. However, this argument incorrectly supposes that state, rather than federal rules apply to service of process in a removal case.  To the contrary, while state law obviously governs sufficiency of service of process *before* removal, Fed.R.Civ.P. 4(m) "applies to removed cases after the date of removal." *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F.Supp.2d 99, 102 (E.D.N.Y. 1999), *quoting Eccles v. National Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998). *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, n.7, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("Concerning matters covered by the Federal Rules of Civil Procedure, the characterization question is usually unproblematic: It is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law").

Two provisions of Rule 4(m) defeat the Defendant's futility argument.  First, unlike the Michigan rule, Rule 4(m) provides a 120-day period for service of a summons and complaint.  In a removal case, that 120-day period runs from the filing of the notice of removal.  *G.G.G. Pizza, supra*, 67 F.Supp. at 102; *Eccles, supra*, 10 F.Supp.2d at 519; *Randolph v. Henry*, 50 F.Supp.2d 572, 579-80 (S.D.W.Va., 1999); *Alber v. Illinois*

*Department of Mental Health and Developmental Disabilities*, 786 F.Supp. 1340, 1376 (N.D. Ill. 1992). In the present case, the Notice of Removal was filed on September 1, 2006; therefore, the summons expired 120 days later, on December 30, 2006, well after the filing of the present motion.

Secondly, Rule 4(m) provides that a court may, in its discretion and on its own initiative, extend the time for serving a summons. The Rule also provides that if a plaintiff shows good cause, the court *shall* extend the time for service.[4]

Shortly after the Complaint was filed in state court, and a day before it was removed to this Court, the Plaintiff requested Defendant SMART to provide the address of its employee–an employee who, although his name was misspelled, was well know to SMART. Defendant SMART elected not to provide that information, relying on the federal rule providing that discovery not take place until after a Rule 16 conference. Whether or not the Defendant is technically correct in that regard, the Plaintiff appears to have had no alternative reasonable access to information about Sakosky, information that was peculiarly within Defendant SMART's knowledge. Plaintiff now asks for the issuance of a federal summons,

---

[4] Rule 4(m) states:

**Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

which this Court construes as a request to extend the time for service under Rule 4(m). Because the Plaintiff has shown good cause for that request, the Court must grant it. In addition, even assuming that there were no affirmative showing of good cause, this Court would, in the interest of justice, exercise its discretion under the first clause of Rule 4(m) to extend the time for service.

Therefore, given the applicability of the Federal Rule on service, along with this Court's decision to extend the time for service of the Complaint and a federal summons in this removal case, the statute of limitations, which was tolled with the filing of the Complaint on August 7, 2006, remains tolled. That being the case, amending the Complaint to correct the spelling of Defendant Sakosky's name would not be futile.

### III.  CONCLUSION

For these reasons, Plaintiff's Motion to Amend the Complaint to reflect the proper spelling of the Defendant's name is GRANTED. Said amendment will relate back to the filing of the original Complaint in state court.

Pursuant to Fed.R.Civ.P. 4(m), the time for service of the summons and Amended Complaint on Defendant Michael Sakosky is extended for a period of 90 days from the date of this Opinion and Order.

Defendant SMART is directed to provide Plaintiff's counsel with the following information: (1) whether Defendant Michael Sakosky is still employed by SMART; (2) the last known address of Michael Sakosky; (3) any other addresses, within SMART's knowledge, associated with Michael Sakosky.

Plaintiff's request for an order directing alternative service on Michael Sakosky is DENIED WITHOUT PREJUDICE.  The Court may reconsider a request for alternative service if, within the 90-day period extending the time for service, the Plaintiff presents facts showing that personal service is not reasonably possible.

SO ORDERED.

S/R.  Steven Whalen  
R.  STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated:  January 16, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 16, 2007.

S/Gina Wilson  
Judicial Assistant